WM. SCOTT *v.* JAMES A. GRINSTEAD ET AL.

[Abstract Kentucky Law Reporter, Vol. 4—614.]

**Jurisdiction of Court Over Assignee's Estate.**

> Where the circuit court has assumed jurisdiction and is administering upon an assignee's estate, and a petition is filed in such court seeking a sale of land included in the assignment for the benefit of creditors, and while the petition is pending the assignor filed his petition in bankruptcy, was adjudged a bankrupt and the land assigned to him as a homestead, it is held that, the circuit court having with full and complete jurisdiction undertaken to sell the estate, the proceeding in the bankrupt court did not oust the circuit court of its jurisdiction, and a purchaser under its judgment of sale will hold the land, where no exceptions are made to the report of sale and no claim to a homestead is asserted in such court.

APPEAL FROM FAYETTE CIRCUIT COURT.

January 4, 1883.

OPINION BY JUDGE PRYOR:

The Fayette Circuit Court had assumed jurisdiction of this case, in which was involved the distribution of the entire estate of the appellant before the proceeding was instituted in the bankrupt court. The appellant had made an assignment of all of his estate for the benefit of creditors and his assignee had filed a petition for a sale and distribution. There was embraced in the assignment the remainder interest of the appellant in a tract of land in the county of Clark, and this interest was not sold under the first

judgment rendered by the Fayette Circuit Court for the reason, doubtless, that the other estate might prove sufficient to pay the debts. The commissioner made the sale and reported that it was necessary to sell the remainder interest in the Clark county land, or it was apparent that it must be sold as the proceeds of the sale of the other property failed to pay the debts. Under the petition seeking a sale the chancellor ordered it to be made.

While this suit was pending and before the sale of the Clark county land the appellant filed his petition in bankruptcy, was adjudged a bankrupt, and the remainder interest in the Clark county land assigned him as a homestead. The Fayette Circuit Court, having prior to that time with full and complete jurisdiction undertaken to sell the estate so as to make distribution, ordered a sale of the remainder interest, which was the homestead assigned the appellant. The proceeding in the bankrupt court did not oust the circuit court of its jurisdiction, and a purchaser under the judgment of that court will hold the land. There was no exception made to the report of sale or any effort of the appellant to assert his right to the homestead in the case pending in the circuit court, and the present action by him is for the recovery of the land upon the idea that the sale by the Fayette Circuit Court is void. It is not alleged or shown that the chancellor has sold his homestead or that he was occupying it as such, but the claim is asserted by reason of the assignment alleged to have been made by the bankrupt court; and, therefore, the Fayette Circuit Court having the jurisdiction to order the sale, we see no reason why the purchaser is not invested with the title.

A further ground for setting aside the sale is that the purchase, although made in the name of Grinstead, was made really for the benefit of and by the commissioner who made the sale. This is denied by the answer, and the proof is conclusive that the property was purchased for Grinstead. The price paid was fifty dollars, and was an inadequate consideration, and some of the creditors who had the right to complain withdrew any objection to the sale by reason of the payment by Grinstead of some two hundred dollars in addition, which was applied to the payment of appellant's debts and is shown to be a full consideration for the land. It also appears that this failed to satisfy the demands of creditors. It is claimed in the brief of appellant that there is no denial of the fact that the land was purchased by and for the commis-

sioner. An examination of the pleadings will show that fact to be expressly denied, and the denial sustained by the proof. The absence of a proper description of the land does not render the sale void. It may constitute grounds for sustaining exceptions to the commissioner's report of sale, but here the land directed to be sold was in fact sold by the commissioner and the purchaser placed in possession, and the effort is now being made to oust the purchaser for want of jurisdiction in the court to render the judgment. We see no reason for disturbing the judgment below and the same is *affirmed.*

*J. A. Prall, for appellant.*

*Buckner & Allen, for appellee*s.